**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jacob Mathew Medina,<br><br>　　　　　Defendant. | CV 23-00055-PHX-DLR (ESW)<br>CR 19-00329-PHX-DLR<br><br>**ORDER** |

　　　　Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 31) regarding Movant's "Amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" filed pursuant to 28 U.S.C. § 2255 ("the Motion") (Doc. 7).[1] The R&R recommends that the Court deny relief without an evidentiary hearing. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 31 at 11.) Movant filed an objection to the R&R on October 4, 2024 (Doc. 35), Respondent filed its response on November 14, 2024. (Doc. 41.)

　　　　Movant's first objection is his disagreement with the R&R's finding that Ground One of his Motion, a claim of ineffective assistance of counsel, was meritless. The R&R applied the *Strickland v. Washington,* 466 U.S. 668, 687 (1984) test. The R&R found

---

[1] Citations to "Doc." are to the docket in CV 23-00055-PHX-DLR (ESW). Citations to "CR Doc." are to the docket in the underlying criminal case, CR 19-00329-PHX-DLR.

nothing in the record that supported Movant's claim that his guilty plea was involuntary due to his counsel's deficient performance. Movant's objection does not point to any evidence. He claims that his counsel was terminated from his law firm "because of his inadequate performance and lack of ethics towards his clients[.]" (Doc. 35 at 1.) Movant alleges that the owner of the firm came to see Movant and told him that "nothing has been done right in your case." (Doc. 35 at 1-2.) The alleged admission by the owner of the law firm does not state what specifically was done by the assigned attorney that amounts to deficient performance. A general statement of the nature relied on by Movant is not evidence of deficient performance. Movant has not offered evidence of any deficient performance let alone evidence that that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. Movant's first objection is overruled.

Movant next objects to the R&R's finding that Grounds Two through Five of the Motion are waived pursuant to the plea agreement. The plea agreement contained a waiver provision, which provides that any motions that could have been filed prior to trial are precluded. (CR Doc. 148 at 4-5.) The trial court made a finding that Movant's plea was made knowingly, intelligently, and voluntarily. (Doc. 16-2 and 16-3.) There was nothing offered to contradict that finding. The R&R correctly found that Grounds Two through Five were foreclosed by the waiver provision of the plea agreement. Movant's second objection is overruled.

**IT IS ORDERED** as follows:

1. Movant's Objections (Doc. 35) to the R&R (Doc. 31) are **OVERRULED**.
2. The R&R (Doc.31) is **ACCEPTED**.
3. Movant's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 7) is **DENIED**.
4. A Certificate of Appealability and leave to proceed *in forma pauperis* are **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

5. The Clerk of the Court shall enter judgment accordingly and terminate this action.

Dated this 3rd day of March, 2025.

_____
Douglas L. Rayes
Senior United States District Judge